IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| ASHLEY SHANE GAULT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 9:18-cv-03157-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| JANE VADEN THACHER, | ) | |
| VADEN OF BEAUFORT INC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on plaintiff Ashley Shane Gault's ("Gault") motion for reconsideration, ECF No. 29, of the court's prior order granting defendants Jane Vaden Thacher ("Thacher") and Vaden of Beaufort Inc's ("the Corporation"), (together, "defendants") motion to dismiss for lack of personal jurisdiction and granting in part and denying in part defendants' motion to dismiss for failure to state a claim filed by ECF No. 25. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

Plaintiff Ashley Shane Gault ("Gault") brings this action against the Corporation and against Thacher, the President and majority shareholder of the Corporation. In 2011, Gault became a 10% shareholder in the Corporation and his ownership interest fully vested in 2016. Sometime after October 2017, Gault resigned. He now contends that Thacher and the Corporation engaged in a course of conduct that disadvantaged the Corporation, and thus diminished the amount of money that Gault received for this 10% stock ownership. On October 19, 2018, Gault filed suit in the Beaufort County Court of Common Pleas and then filed an amended complaint on November 7, 2018. Defendants

removed the action on November 21, 2018. On November 26, 2018, defendants filed motions to dismiss. ECF Nos. 5, 7. The court held a hearing on these matters on February 5, 2019. On February 15, 2019, the court issued an order granting the motion to dismiss Thacher for lack of personal jurisdiction, and granting in part and denying in part the 12(b)(6) motion to dismiss.

On March 29, 2019, Gault filed his motion for reconsideration. ECF No. 29. On March 29, 2019, defendants filed their response. ECF No. 30. On April 31, 2019, Gault filed his reply. ECF No. 31. The motion is ripe for the court's review.

## II. STANDARD

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." While Rule 59(e) does not supply a standard to guide the court's exercise of its power to alter or amend, the Fourth Circuit has recognized that a court may grant a Rule 59(e) motion "only in very narrow circumstances: (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not available at trial, or (3) to correct a clear error of law or prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002). Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered. See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Moreover, "[a] party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such a motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted." Sams v. Heritage Transp., Inc., No. 2:12-cv-0462, 2013 WL 4441949, at *1 (D.S.C. August 15, 2013). Rule 59(e) provides an "extraordinary remedy

2

that should be used sparingly." Pac. Ins. Co., 148 F.3d at 403 (internal citation omitted); Wright v. Conley, No. 10-cv-2444, 2013 WL 314749, at *1 (D.S.C. Jan. 28, 2013). Whether to alter or amend a judgment under Rule 59(e) is within the sound discretion of the district court. Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005).

Federal Rule of Civil Procedure 54(b) states, in relevant part, that any decision from ther court "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment . . . ." A "judgment," within the meaning of Rule 54, "includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). A motion brought under Rule 54(b) is judged by similar standards as a motion brought under Rule 59(e). Grayson Consulting, Inc. v. Cathcart, No. 2:07-cv-00593-DCN, 2014 WL 587756, at *1 (D.S.C. Feb. 14, 2014) (quoting Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)).

### III. DISCUSSION

The motion to reconsider does not ask the court to "accommodate an intervening change in controlling law" or to "account for new evidence available at trial." Hill, 277 F.3d at 708. Rather, the motion is based solely on Gault's belief that the court misinterpreted the law controlling the motions to dismiss for lack of personal jurisdiction and for failure to state a claim. The court has considered the additional arguments by both parties regarding this motion to reconsider and stands by its original interpretation of the pertinent law set forth in its prior order. Thus, the court denies the motion to reconsider, finding that there has been no "clear error of law" or "manifest injustice." Id.

## **IV. CONCLUSION**

For the foregoing reasons, the court **DENIES** the motion for reconsideration.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**June 24, 2019
Charleston, South Carolina**