IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| ASHLEY SHANE GAULT, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JANE VADEN THACHER and ) <br> VADEN OF BEAUFORT INC, ) <br> ) <br> Defendants. ) <br> _____) | No. 9:18-cv-03157-DCN <br><br> **ORDER** |

      The following matter is before the court on plaintiff Ashley Shane Gault's ("Gault") motion for leave to file an immediate interlocutory appeal. ECF No. 35. Specifically, Gault seeks to appeal the court's prior order dismissing defendant Jane Vaden Thacher ("Thacher") for lack of personal jurisdiction and dismissing Gault's breach of fiduciary duty cause of action for failure to state a claim. For the reasons set forth below, the court grants Gault's motion to appeal the court's dismissal of Thacher from the case and denies Gault's motion to appeal the court's dismissal of the breach of fiduciary duty claim.

## I. BACKGROUND

      Gault brought this action against Vaden of Beaufort, Inc. ("the Corporation") and against Thacher, the President and majority shareholder of the Corporation (together, "defendants"). Gault alleges that Thacher and the Corporation engaged in a course of self-interested dealings that depleted the Corporation's assets and therefore harmed him by decreasing the value of his 10% ownership interest in the Corporation. The Corporation is incorporated under the laws of Georgia, has its headquarters in Georgia,

1

and has its principal place of business ("PPB") in Georgia or South Carolina. In 2011, Gault became a 10% shareholder in the Corporation and his ownership interest fully vested in 2016. Sometime after October 2017, Gault resigned.

On October 19, 2018, Gault filed suit in the Beaufort County Court of Common Pleas and then filed an amended complaint on November 7, 2018. Gault alleged that Thacher and the Corporation engaged in a course of conduct that disadvantaged the Corporation, and thus diminished the amount of money that Gault received for this 10% stock ownership, while benefitting other businesses owned by members of Thacher's family ("Vaden Family Entities"). Defendants removed the action on November 21, 2018. On November 26, 2018, defendants filed a 12(b)(6) motion to dismiss for failure to state a claim, ECF No. 5, and a motion to dismiss defendant Thacher for lack of personal jurisdiction, ECF No. 7. On February 15, 2019, the court entered an order granting in part and denying in part the motion to dismiss for failure to state a claim and granting the motion to dismiss Thacher for lack of personal jurisdiction ("the Order"). ECF No. 25. Gault then moved the court to reconsider the Order, which the court denied on June 24, 2019. ECF No. 34. On July 8, 2019, Gault filed a motion for leave to file an immediate interlocutory appeal. ECF No. 35. Defendants filed a response in opposition on July 22, 2019, ECF No. 43, and Gault filed his reply on August 9, 2019, ECF No. 46.

## II.  STANDARD

"[28 U.S.C. § ]1292(b) provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals." Lynn v. Monarch Recovery Mgmt., Inc., 953 F. Supp. 2d 612, 623 (D. Md. 2013) (quoting In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982)).

Pursuant to 28 U.S.C. § 1292(b), an interlocutory appeal may be sought for an order that is not otherwise appealable when the district court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." As such, a district court may certify an order for interlocutory appeal when: "1) such order involves a controlling question of law, 2) as to which there is substantial ground for difference of opinion, and 3) an immediate appeal from that order may materially advance the ultimate termination of the litigation." Mun. Ass'n of S.C. v. Serv. Ins. Co., Inc., 2011 WL 13253448, at *3 (D.S.C. Sept. 21, 2011) (internal quotations omitted). All three requirements must be met. Id.

In addition, Rule 54(b) of the Federal Rules of Civil Procedure permits a district court to "direct entry of a final judgment as to one or more, but fewer that all, claims" when an action involves multiple claims as long as "the court expressly determines that there is no just reason for delay." "The burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification." Braswell Shipyards, Inc. v. Beazer E., Inc., 2 F.3d 1331, 1335 (4th Cir. 1993).

### III. DISCUSSION

Gault asks the court to certify an interlocutory appeal of the Order pursuant to 28 U.S.C. § 1292(b) and Rule 54(b) of the Federal Rules of Civil Procedure. Specifically, Gault seeks to appeal the court's dismissal of Thacher from the case for want of personal jurisdiction and also the court's dismissal of the breach of fiduciary duty claim. The Order found that, after dismissing defendant Thacher, the breach of fiduciary duty claim could not survive against the Corporation, the sole remaining defendant, because under

Georgia law, corporations do not owe a fiduciary duty to their shareholders. The court now considers whether it should certify an interlocutory appeal of either of these rulings under either Rule 54(b) or §1292.

   **1. Fed. R. Civ. P. 54(b)**

Gault first seeks a certificate of appealability through Rule 54 of the Federal Rules of Civil Procedure of the court's order dismissing Thacher for lack of personal jurisdiction. Under Fed. R. Civ. P. 54(b), the court engages in a two-step inquiry to determine whether an individual claim may be appealed prior to the court's adjudication of all claims. First, the court must "determine that it is dealing with a 'final judgment.'" Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7, (1980). "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Id. (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437 (1956)). If the court is dealing with a final judgment, then it must determine whether there is any just reason for delaying the appeal until all claims are fully adjudicated. Id. at 8. As the Supreme Court explained, "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." Id.

Under Rule 54(b), the court's role is "to act as a 'dispatcher.'" Curtiss-Wright Corp., 446 U.S. at 8. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'" Id. Nevertheless, both the Supreme Court and the Fourth Circuit have

4

recognized that Rule 54(b) certification is an exceptional procedure and should not be granted routinely. Id. at 10; Braswell Shipyards, Inc., 2 F.3d at 1335.

Gault contends that the court's dismissal of Thacher constitutes a final judgment as to all claims against her. The court agrees. "An order dismissing a defendant for lack of personal jurisdiction is a final judgment for purposes of Rule 54(b) because it is an ultimate disposition of the claims against the dismissed defendant in the court issuing the order." Bush v. Adams, 629 F. Supp. 2d 468, 472 (E.D. Pa. 2009).

The court must next determine whether there is any just reason for delay in certifying appeal of the Order. See TechnoSteel, LLC v. Beers Const. Co., 271 F.3d 151, 158 (4th Cir. 2001) ("Under Rule 54(b), a district court order dismissing one of several claims or parties is not typically viewed as a 'final decision' qualifying for immediate appeal unless the district court determines that there is no just reason for delay' and enters final judgment as to the claim."). To determine whether there is any just reason for delay, the court should consider:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Braswell Shipyards, Inc., 2 F.3d at 1335–36.

The court finds that these factors weigh in favor of granting the certificate of appeal. Regarding the first two factors, the court's decision to dismiss Thacher as a defendant for lack of personal jurisdiction is in no way related to the merits of the unadjudicated claims. Thus, any ruling that the Fourth Circuit may make on the personal

5

jurisdiction question will have no impact on the remaining claims, other than that those claims will be brought against two defendants instead of one. Lewis v. Travertine, Inc., 2017 WL 2989176, at *2 (C.D. Cal. July 12, 2017), appeal dismissed, 2017 WL 6061605 (9th Cir. Oct. 30, 2017) ("Thus, where some, but not all, defendants are dismissed for lack of personal jurisdiction and the jurisdictional questions are independent of the merits of the underlying claims, courts routinely find no just reason for delay of entering final judgment in favor of those dismissed defendants.").

Considering the third factor, there is no possibility that the reviewing court will be required to consider the same issue a second time. On this interlocutory appeal, the appellate court will conduct a personal jurisdiction analysis; on any future appeals after the resolution of this case before the district court, the appellate court will not be reconsidering the jurisdiction question but will instead address the actual merits of Gault's claims. Considering the fourth factor, defendants have not pointed to any potential "set-off against the judgment sought to be made final" that could result from the court directing entry of final judgment on the claims against Thacher, and so the court finds this factor to be irrelevant.

Finally, the court considers the "miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." Braswell Shipyards, Inc., 2 F.3d at 1336. While the court is usually wary of delaying adjudication of a matter to allow for an interlocutory appeal, most courts to consider the question have consistently found that Rule 54(b) certification is warranted after dismissing a party for lack of personal jurisdiction. See, e.g., Lewis, 2017 WL 2989176 at 2 ("The efficient administration of justice may be served by

resolving jurisdictional issues at the outset of litigation because it 'may obviate the need for a second trial.'" (quoting Core–Vent Corn. v. Nobel Indus. AB, 11 F.3d 1482, 1484 (9th Cir. 1993))); Animale Grp., Inc. v. Sunny's Perfume, Inc., 2007 WL 2010476, at *1 (S.D. Tex. July 5, 2007) ("One would be hard-pressed to find a decision in which a court denied Rule 54(b) certification after dismissing a party for lack of personal jurisdiction."). The reasoning behind this was summarized aptly by the Southern District of New York in Freeplay Music, Inc. v. Cox Radio, Inc., 2005 WL 2464571, at *2 (S.D.N.Y. Oct. 5, 2005):

> Freeplay's claims against Beasley[, the defendant dismissed for lack of personal jurisdiction,] are largely identical to those against the other defendants. While the factual underpinnings of those claims would have to be determined separately, the real issues dividing the plaintiff and defendants are questions of law. If Freeplay's case against Beasley is properly brought in this Court, a binding determination of those legal issues can be achieved in the same proceeding, without the risk of inconsistent results in two different courts. If Freeplay's position is ultimately sustained in the Court of Appeals, allowing an immediate appeal permits the case against Beasley to proceed along with those against the other broadcasters in this Court. Conversely, if this Court's ruling on jurisdiction is affirmed, Freeplay would learn this result promptly, and could then either seek a transfer of venue in this Court, if appropriate, or file a new action in a district which has jurisdiction over Beasley. Delaying resolution of the issue forces Freeplay to choose between deferring its claims against Beasley to be resolved at a much later date, either in this Court or in some other district, or withdrawing its appeal, acquiescing in this Court's decision on personal jurisdiction, and proceeding simultaneously in two courts. This would not be in the interest of efficiency or justice, as compared with presenting the Court of Appeals with a relatively straightforward judgment about whether Beasley's contacts with New York are sufficient to confer personal jurisdiction.

Based on the law and reasoning set forth above, the court is convinced that there is no just reason for delaying appeal of the final judgment against Thacher. Therefore, the court grants Gault's motion for certificate of appealability on this issue.

## 2. 28 U.S.C. § 1292(b)

Gault next argues that the court should certify an interlocutory appeal of its prior order so that the court of appeals may address: (1) whether the court has jurisdiction over Thacher; and (2) whether the Corporation owes a fiduciary duty to Gault.[1] Having determined that Rule 54(b) warrants the certification of this first question for appeal, the court considers whether § 1292 warrants certification of the court's finding that Gault's fiduciary duty claim should be dismissed because corporations do not owe fiduciary duties to their shareholders.

Under § 1292, when a judge finds that his or her order in a civil action that is not otherwise appealable "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he [or she] shall so state in writing in such order." 28 U.S.C. § 1292(b). The court finds that its ruling that corporations do not owe fiduciary duties to their shareholders presents a controlling question of law. See In re TD Bank, N.A. Debit Card Overdraft Fee Litig., 2016 WL 7320864, at *5 (D.S.C. July 18, 2016) ("A controlling question of law is a narrow question of pure law whose resolution would be completely dispositive of the litigation, either as a legal or practical matter."). Next, Gault argues that there is "a reasonable disagreement as to whether Georgia imposes a fiduciary duty on corporations." ECF No. 35 at 6. However, the actual standard is that there be a <u>substantial ground</u> for difference of opinion, not that the difference of opinion on a question of law merely be

---

[1] The court notes that Gault argued for the immediate appealability of the court's dismissal of Gault's fiduciary duty claim only under §1292 and not under Rule 54(b).

"reasonable." See Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas, 426 F. Supp. 2d 125, 129 (S.D.N.Y. 2005) ("A mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion. Rather, to satisfy this prerequisite, there must be 'substantial doubt' that the district court's order was correct.").

Gault argues that there is a difference of opinion because, in dismissing his breach of fiduciary duty claim against the Corporation, the court improperly declined to follow GLW Intern Corp v. Yao, a case in which Georgia's appellate court observed that "[t]here is also a fiduciary relationship between the corporation and its stockholders." GLW Int'l Corp. v. Yao, 532 S.E.2d 151, 155 (Ga. App. 2000) (citing Frye v. Commonwealth Inv. Co., 107 131 S.E.2d 569, 572 (Ga. App. 1963), aff'd, 134 S.E.2d 39 (G.A. 1963)) (emphasis added). Yet as the court previously explained in its prior order, Frye does not stand for the general proposition that a shareholder may bring a claim for breach of fiduciary duty against a corporation. Rather, it holds first that "a corporation transfers stock at its peril and must be sure that the person to whom it issues the certificate is the true owner." Frye, 131 S.E.2d at 572 (citing Greasy Brush Coal Co. v. Hays, 166 S.W.2d 983, 984 (K.Y. 1942)). Frye also states that "a corporation owes its shareholders the duty to protect them from fraudulent transfers." Id. (quoting Pennsylvania Co. v. Franklin Fire Ins. Co., 37 A. 191, 192 (P.A. 1897)). These cited cases are about preventing the fraudulent transfer of shares and cannot be relied upon to

9

find a general fiduciary duty by a corporate entity to its shareholders when the majority of case law on the topic finds this duty does not exist.

Thus, Gault may not rely upon GLW Intern Corp to contend that Georgia recognizes a blanket fiduciary duty between a corporation and its shareholders, specifically in the face of more recent law from the Georgia Court of Appeals which observed that "under Georgia law, a corporation does not have a fiduciary relationship with stockholders." Rigby v. Flue-Cured Tobacco Co-op., 327 Ga. App. 29, 41, 755 S.E.2d 915, 925 (2014). As Judge Harold L. Murphy from the Northern District of Georgia has recently declared after distinguishing GLW from the more recent Georgia cases on fiduciary duty, "the state of the law in Georgia now is that a corporation owes its stockholders no fiduciary duties." Knieper v. Forest Grp. USA, Inc., 2016 WL 9449794, at *4 (N.D. Ga. Sept. 12, 2016) (emphasis added).

The court thus finds that Gault has failed to meet his burden of showing that there is substantial ground for difference of opinion on the court's decision to dismiss Gault's breach of fiduciary duty claim against the Corporation. The court denies Gault's motion for certification for immediate interlocutory appeal of the Order's dismissal of Gault's second cause of action.

### 3. Request for Amended Complaint and Jurisdictional Discovery

While not necessary for the resolution of this current motion, the court will address an issue raised in Gault's motion for certification, in order to provide clarification for the Fourth Circuit when it reviews this matter. Gault contends that the court "did not address Plaintiff's request for a 90-day period to conduct limited discovery on the personal jurisdiction issued raised by defendants." ECF No. 35 at 5. Gault also argues

that the court "failed to address [his] request to amend his complaint, which was raised in Plaintiff's reply to Defendants' motion to dismiss and in his March 15, 2019 motion." Id.

Gault's categorization of his request to file an amended complaint is slightly misleading. While he did ask for leave to file an amended complaint, he did so in his response to defendants' 12(b)(6) motion to dismiss for failure to state a claim. ECF No. 10, responding to ECF No. 5. Nowhere in this response does Gault ask the court's leave to file an amended complaint to correct the jurisdictional shortcomings of his complaint, and the court was not given any reason to allow him to file an amended complaint merely to overcome whatever issues had been brought up in defendants' 12(b)(6) motion. Furthermore, in Gault's separate response to defendants' separate motion to dismiss for lack of personal jurisdiction, Gault made no mention of wanting to file an amended complaint. ECF No. 11, responding to ECF No. 7. Thus, at the motion to dismiss stage, Gault did not in fact ask the court for permission to amend his complaint to address the personal jurisdictional issues. Gault is correct that he asked for permission to amend his complaint in his "March 15, 2019" motion. But the motion he filed on March 15, 2019 was a motion to reconsider that was submitted a month after the court's order on the motions to dismiss. The court is not inclined to grant a request to amend a complaint that is filed in response to an adverse court order issued upon a motion to dismiss.

Turning to the request for time to conduct jurisdictional discovery, Gault's response to the motion to dismiss for lack of personal jurisdiction argued that the court had jurisdiction over Thacher but requested in the alternative that the court grant it leave to conducted limited discovery on the personal jurisdiction issue. ECF No. 11 at 7. Gault cited the Third Circuit to argue that "if a plaintiff presents factual allegations that

11

suggest 'with reasonable particularly' the possible existence of the requisite 'contacts between [the party] and the forum state,' the plaintiff's right to conduct jurisdictional discovery should be sustained." Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003). The reason that the court did not indulge this request is that Gault's complaint did not allege "with reasonable particularity" sufficient contacts that Thacher had with South Carolina with respect to the claims Gault was bringing against her. As the court reiterated in its order granting the jurisdictional motion to dismiss, in order to have specific jurisdiction over a foreign defendant, the plaintiff's claims must "arise out of those forum-related activities." Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan, 259 F.3d 209, 215–16 (4th Cir. 2001) (citing Helicopteros, 466 U.S. at 414–16). The order dismissing Thacher for lack of personal jurisdiction was not based on the fact that there was insufficient evidence to support Gault's jurisdictional claims which may have been remedied by jurisdictional discovery, but was rather based on the court's determination that Thacher's contacts with South Carolina, as alleged in Gault's complaint, were unrelated to the specific claims that Gault had brought against her, precluding the court from exercising specific personal jurisdiction over her. Because Gault did not offer sufficient arguments to convince the court that it should otherwise exercise general personal jurisdiction over Thacher, the court dismissed her as a defendant.

## IV. CONCLUSION

For the foregoing reasons the court **GRANTS IN PART AND DENIES IN PART** the motion for certificate of appealability.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**August 15, 2019**
**Charleston, South Carolina**